HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY FARMER,<br><br>    Plaintiff,<br><br>    v.<br><br>I-FLOW CORPORATION,<br><br>    Defendants. | CASE NO. C13-826 RAJ<br><br>ORDER |

This matter comes before the court on defendant I-Flow Corporation's Rule 12(b)(6) motion to dismiss plaintiff Gregory Farmer's first amended complaint. Dkt. # 6. Plaintiff alleges three claims: (1) Strict products liability for design defect and failure to warn, (2) negligence, and (3) punitive damages. Dkt. # 3. Defendant moves to dismiss all three claims, arguing that Washington law applies to this case, the Washington Products Liability Act ("WPLA") is the exclusive remedy for plaintiff's claims, and Washington law does not allow for recovery of punitive damages. Dkt. # 6. Plaintiff concedes that Washington product liability law is the substantive law that applies in this case, and that the negligence claim is redundant and may be stricken. Accordingly, the court GRANTS the motion with respect to the second claim for negligence. In reply, defendant clarifies that given plaintiff's concession that his first claim is governed by the

ORDER- 1

WPLA, it is not seeking dismissal of that claim. Accordingly, the only issue before the court is whether plaintiff may allege a claim for punitive damages.

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal courts sitting in diversity must look to the laws of the forum state to resolve issues regarding conflict of laws. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Washington, choice of law disputes require the court (1) to determine whether an actual conflict exists between the laws or interests of Washington and the laws or interests of another state; and (2) if an actual conflict exists, to determine the jurisdiction that has the most significant relationship to the issue. *Erwin v. Cotter Health Ctrs.*, 161 Wash. 2d 676, 692, 167 P.3d 1112 (2007). Washington courts have adopted the Restatement tests for determining which jurisdiction has the most significant relationship to the issue. *Rice v. Dow Chem. Co.*, 124 Wash. 2d 205, 213, 875 P.2d 1213 (1994).

Under the Restatement, the court must take into account the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered. *Johnson v. Spider Staging Corp.*, 87 Wash. 2d 577, 580-81, 555 P.2d 997 (1976); Rest. (2d) Conflict of Laws § 145(2). These contacts are to be evaluated according to their relative importance to a particular issue and must be considered while applying the following principles: the needs of the interstate and international systems; the relevant policies of the forum; the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; the protection of justified expectations; the basic policies underlying the particular field of law; certainty, predictability and uniformity of result; and ease in the determination and application of the law to be applied. *Johnson*, 87 Wash. 2d at 581; Rest. 2d Conflict of Laws § 6. The court's "approach is not merely to count contacts, but rather to consider which contacts are most significant and to determine where these contacts are found." *Johnson*, 87 Wash. 2d at 581. In personal injury cases, the presumption that the law of the place where the injury occurred applies may be overcome if another state has a greater interest in determining a particular issue. *Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 128 Wash. App. 256, 261-62, 115 P.3d 1017 (2005).

The court is limited to the four corners of the complaint since neither party has submitted facts that are subject to judicial notice. Plaintiff alleges that he lives part time and works in Oregon, and that he is receiving treatment for his injury in Washington. Dkt. # 3 (FAC) ¶ 1. Plaintiff also alleges that defendant is incorporated in Delaware and has a principal place of business in California. *Id.* ¶ 2. Plaintiff also alleges that defendant has conducted regular and sustained business in Washington by selling and distributing its products in Washington, including the pain pumps. *Id.* ¶ 3. Finally,

plaintiff alleges that he received a consultation with an Orthopedic Surgeon in Arizona. *Id.* ¶ 5.

Plaintiff makes no allegations regarding the location of the surgery, the location of his post-operative pain and dysfunction, the location of the subsequent medical care, the location where the pump device was designed, manufactured and distributed, the location of where the alleged defects were discovered, or the location of any potential decision to recall, warn, or not warn users.[1] *See Zenaida-Garcia*, 128 Wash. App. at 263. Based on the allegations in the complaint alone, the court does not have sufficient information to make a determination one way or another which state has the most significant relationship to the issue of punitive damages. Accordingly, the motion is DENIED with respect to this issue at this time.

For all the foregoing reasons, the motion to dismiss is GRANTED in part and DENIED in part.

Dated this 25th day of September, 2013.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[1] The court does not imply that these are the only potentially relevant contacts with a state in this products liability case.

ORDER- 4